**ALLIED BANK OF TEXAS, Plaintiff,**

v.

**Elliott ESHAGHIAN, et al., Defendants.**

**No. 85 Civ. 9760 (JES).**

United States District Court,
S.D. New York.

Dec. 2, 1988.

Kaye, Scholer, Fierman, Hays & Handler, New York City (Barry Willner, Iain A.W. Nasatir, of counsel), for plaintiff.

Aurnou & Fredericks, New York City (Barry I. Fredericks, of counsel), for defendants.

## MEMORANDUM OPINION
## AND ORDER

SPRIZZO, District Judge:

In this action, plaintiff Allied Bank of Texas sued several defendants to recover on unconditional contracts of guarantee. Plaintiff moved for summary judgment, and after hearing Oral Argument on June 24, 1988, the Court, by Order dated July 1, 1988, granted plaintiff's motion for summary judgment and dismissed defendants' counterclaims, for the reasons set forth on the record. Defendants thereafter moved for reconsideration of that decision.

As stated by the Court on the record, this action was based on several contracts of unconditional guarantee. When the debtor, Michael's Fine Jewelry, Inc. ("Michael's"), defaulted on its loan on May 1, 1985, the defendants were unquestionably

---

liable on their guarantees. The Court therefore found that there were no genuine issues of material fact with respect to that liability sufficient to warrant a denial of plaintiff's summary judgment motion. The Court also concluded that there was no genuine issue of material fact with respect to whether plaintiff had acted in a commercially reasonable manner with respect to the disposition of the assets of the debtor. It is that aspect of the Court's determination that defendants wish the Court to reconsider.

The facts set forth in the Plaintiff's Statement Pursuant to Rule 3(g) ("Plaintiff's 3(g)") which were not controverted by Defendant's Statement Pursuant to Rule 3(g) must be deemed admitted. *See* S.D.N. Y. Local Civil Rule 3(g). Defendants have not controverted the fact that plaintiff did not take possession of the collateral on May 29, 1985, when Bank employees met with Michael's manager. *See* Plaintiff's 3(g) at ¶ 14. Moreover, defendants have not controverted the fact that it was not until June 30, 1985, after Michael's filed for bankruptcy, that the assets of Michael's were sold pursuant to a written agreement between Michael's, the Bank, and a liquidator. *See* Plaintiff's 3(g) at ¶ 19.

The concept of commercial reasonableness applies to the *disposition of collateral*. *See* Tex.Bus. & Com.Code Ann. § 9.504 (Vernon Supp.1988). Defendants have never argued that the disposal of the collateral pursuant to the agreement on June 30 was commercially unreasonable.[1] Rather, defendants argue that Michael's should have been permitted to continue efforts to sell the stores on its own. That claim, however, is legally irrelevant to the issue of whether the collateral was liquidated in a commercially reasonable manner, and therefore does not and cannot constitute a genuine issue of material fact warranting a denial of the motion for summary judgment. *See* Tex.Bus. & Com.Code Ann. § 9.507(b) (Vernon Supp.1988). This is especially true since here the contracts of guarantee provided that the Bank could "sell, exchange, release, surrender, realize upon or otherwise deal with in any manner and in any order" the collateral. *See* Affidavit of Iain A.W. Nasatir, Exs. C–H.

In addition, under Tex.Bus. & Com.Code Ann. § 9.503 (Vernon Supp.1988), a secured creditor may take possession of its collateral on default as long as that possession is achieved without a breach of the peace. Here, defendants do not even dispute that the Michael's stores closed for inventory and that plaintiff never took possession of the collateral at all. However, even assuming *arguendo* that the Bank seized the collateral, they clearly had a right to do so, *see id*, and there has been no argument that there was a breach of the peace.

In sum, the defendants' reliance on facts relating to the Bank's initial attempts to obtain the collateral on May 29, which was never accomplished, are not legally relevant to the issue of whether the collateral was dealt with in a commercially reasonable manner. The same is true of those facts relating to the alleged lack of good faith on the part of the Bank towards Michael's and the longstanding relationship between the Bank and Michael's. Regardless of any claims Michael's may have against the Bank, none of these facts legally affect the defendants' liability under their unconditional guarantees.

For the reasons set forth above, the motion for reconsideration is denied.

It is SO ORDERED.

---

1. In fact, defendants have not controverted the fact that the ultimate disposition was pursuant to an agreement involving the debtor. *See* Plaintiff's 3(g) at ¶ 19.